RICHARD ROONEY *vs.* JAMES GILLESPIE.
SAME *vs.* CATHERINE KEENAN.

The execution of a bond for a deed by the owner of a tenement to one who occupies it under an oral lease does not change the nature of the tenancy. And a deed by the owner to a third person will terminate such tenancy, and entitle the purchaser to maintain a process for the recovery of the tenement, under the statutes respecting forcible entry and detainer, against the tenant or one holding under him, although in the bond the owner agreed that when a certain sum should have been paid thereon he would stop charging rent, but instead thereof charge interest upon the sum remaining unpaid; and although before the delivery of the deed that sum had been paid or tendered.

Two WRITS under Gen. Sts. *c.* 137, to recover possession of a tenement.

Trials by jury were waived in the superior court, and the cases were heard before *Russell*, J. It appeared that on the 25th of December 1860 the plaintiff received a deed of the premises from Judson Murdock. The defendant Gillespie introduced in evidence a bond from Murdock to himself, dated December 1st 1859 and recorded December 17th 1860, in which Murdock bound himself to convey the premises to him for $900, and give a deed thereof when Gillespie should pay to him $400, with a mortgage to secure the residue; and to stop charging him rent whenever he should have paid $300, and that thereafter interest on the remaining $600 should be paid. Gillespie held under an oral demise from Murdock, and no rent was in arrear; and before the delivery of the deed to the plaintiff, he paid or tendered to Murdock the sum of $295. There was no question that the plaintiff had given reasonable notice of his title and claim of possession. The defendant Keenan was the tenant of a portion of the tenement under Gillespie.

The judge found for the plaintiff, and the defendants alleged exceptions.

*T. H. Sweetser & G. W. Emery*, for the defendants, cited *Dakin* v. *Allen*, 8 Cush. 33; *Larned* v. *Clarke*, Ib. 29; *Hastings* v. *Pratt*, Ib. 121; *White* v. *Livingston*, 10 Cush. 259; *Green* v. *Tourtellott*, 11 Cush. 227; *Moshier* v. *Reding*, 3 Fairf. 478.

*J. Dana*, for the plaintiff.

METCALF, J. In the *first* of these cases, the agreed facts show that the defendant was tenant at will of the premises in question, under an oral demise from Murdock, who conveyed them to the plaintiff, and thus determined the tenancy and rendered the defendant liable to this process, after notice of such conveyance. The bond given by Murdock, in which he engaged to give a deed of the premises to the defendant, and " stop charging him rent," did not change the nature or incidents of the defendant's tenancy under the oral demise. *Benedict* v. *Morse*, 10 Met. 223. *Howard* v. *Merriam*, 5 Cush. 563. *Furlong* v. *Leary*, 8 Cush. 409.

In the case of *White* v. *Livingston*, 10 Cush. 259, cited for the defendant, White was not a tenant at will. He had a written lease for so long a time as he should perform certain conditions. As he had performed those conditions, it was held that his lessor could not terminate the tenancy by conveying the premises to a third person.

The three cases which the defendant's counsel cited from 8 Cush. were unlike this. Each of them was decided upon the ground that the defendant never was a lessee, and therefore was not liable to this statute process.

The *second* case must follow the first. By the Gen. Sts. *c.* 137, § 2, when the lessee of land or tenements, " or a person holding under such lessee," holds possession without right after the determination of the lease, the person entitled to the premises may be restored to the possession by the process which this plaintiff has adopted. *Exceptions overruled.*